*M. Mundy, for appellant.    Russell & Helm, for appellees.*

---

## P. MEGERION v. O. H. HARRISON.

[Abstract Kentucky Law Reporter, Vol. 1—398.]

**Purchase-Money on Reconveyance Because of Failure of Title.**

> Where there is failure of title because of the fact that the conveyance of a married woman was not recorded in the time prescribed by law, there is no reason why, on a reconveyance to the grantor, he should not be compelled to refund the purchase-money received.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

November 11, 1880.

OPINION BY JUDGE PRYOR:

The invalidity of the conveyance by Douglas and wife, so far as it purports to convey the land of the wife being established, there was no reason why the appellant on a tender of a deed reconveying the lots should not be compelled to refund the purchase-money.

Without discussing the effect of the general warranty in the conveyance from the appellant to the appellee, it is evident the parties had some motive in entering into the separate covenant. If appellee is compelled to await an eviction or to look alone to the covenants in his deed for protection, there could have been no reason for the execution of the independent agreement authorizing a rescission if on investigation it appeared the title was defective. This was to avoid the expense of a litigation; and while an investigation resulting in an erroneous conclusion would not authorize a cancelment of the conveyance, yet, if it is in fact true that the conveyance of the married woman was not recorded in the time prescribed by law, the title was defective and a breach of the covenant necessarily followed. The conveyance was made long before the adoption of the general statutes, and the fact that the deed was not recorded as required by law being admitted, or if not admitted that fact being clearly established, the court acted properly in rendering the judgment. Nor does the fact that the defect in the title may be cured, or that Mrs.

Douglas or her heirs, when attempting to recover, will be required to account for assets received by devise or otherwise from Peter Douglas to satisfy his warranty, prevent the recovery. The title is defective, and that the recovery may in a certain contingency be defeated constitutes no defense.

Judgment *affirmed*.

*C. B. Seymour, H. M. Lane, for appellant.*

*W. O. & J. L. Dodd, for appellee.*